

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant
State Superintendent of
Public Instruction
Austin, Texas

Opinion No. O-3453
Re: Method of signing vouchers
adopted by Poteet Independ-
ent School District.

Dear Sir:

In your letter of April 23, 1941, you advised us of the following facts:

"The Board of Trustees of the Poteet Independent School District were duly organized following the trustee election the first Saturday in April according to the Public School Laws of Texas.

"The minutes and order of the Board reveal the following proceedings:

"'The Board proceeded to reorganize for the following year. R. S. Guynes was elected president of the Board; J. H. Mangum was elected vice president; Joe V. Davidson was elected secretary; M. D. Stroble was elected financial secretary of the Board and was authorized to make purchases, keep records of accounts, countersign vouchers drawn by the president upon order of the Board, and to perform any duties as directed by the Board.'

"R. S. Guynes is a member of the Board, Joe V. Davidson is a member of the Board, and M. D. Stroble is not a member of the Board.

"M. D. Stroble has performed such duties for the Board of Trustees as outlined in order of his election and employment by the Board. Joe V. Davidson, who is a member of the Board has performed such perfunctory duties as signing minutes of the proceedings of the Board, orders for election, teachers contracts, etc."

And you request our opinion in responce to these two questions:

"Does the above organization comply with
the law?"

"Is the fact that Joe V. Davidson signs per-
functory papers and records as secretary and M.D.
Stroble signs vouchers when duly drawn by the
president upon order of the Board of Trustees, a
violation of the law?"

The Poteet Independent School District was created
by Special Act of the Legislature in 1913. H.B. No. 523, Ch.
23, p. 80, Special Laws, 33rd Legislature, Regular Session.
By House Bill No. 508, Ch. 60, p. 223, Special Laws, 38th Leg-
islature, Regular Session, Sec. 3 of the Act creating said
district was amended so as to read as follows:

"The management and control of the public
free schools within said district is hereby vested
in a board of trustees, which board shall be com-
posed of seven persons to be elected in accordance
with Chapter 18, Title 48, Revised Civil Statutes
of Texas, which said board of trustees shall main-
tain and control the public free schools within
said district to the exclusion of every other au-
thority except in so far as the State Superintend-
ent of Public Instruction and the State Board of
Education may be vested by law with supervisory
authority to instruct said board."

Chapter 18, Title 48, Revised Civil Statutes of Texas,
at the time of the enactment of said House Bill 508 in 1923,
embraced what is now Articles 2774 to 2783, Revised Civil Stat-
utes of 1925 (but it will be noted not including Articles 2774a,
2777a, 2777b and 2783a, Vernon's Annotated Civil Statutes).

Article 2832, Revised Civil Statutes, authorizes the
district to select its own depository, as it contains more than
150 scholastics.

The quoted provision from House Bill 508, 38th Legis-
lature is broad enough to sustain the action of the Board of
Trustees in appointing as financial secretary one who is not
a member of the Board. If Article 2779 is applicable, a point
which we do not deem it necessary to decide, it does not forbid
such appointment. In our Opinion No. 0-2116 we held that the
Board of Trustees of an independent school district created un-
der general laws is authorized by Article 2779 to appoint as
secretary a person who is not a member of the Board of Trustees.
Hence we conclude that Mr. Stroble's not being a trustee is not
a material factor.

Since the Board of Trustees is the governing authority of the district disbursements of the district's funds may be made only by the Board or under its direction or order. No statute undertakes to set out just how such authority must be manifest or just what procedure must be followed in making withdrawals or disbursements of money from the depository.The Board must act as such and its action should be made to appear in the official minutes.  The depository is entitled to be satisfied of Board action and authority before honoring a voucher and it goes without saying that it is best for all parties concerned that the depository should not release funds unless it be made to appear clearly that the Board of Trustees has authorized the same.  However there is nothing in our laws which forbids the procedure which has been adopted and we therefore answer your first question in the affirmative and the second in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant

APPROVED MAY 7, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

GRL:db:wb